ANTONIA SANTOS GREEN, Plaintiff and Appellant (R-69-199), Plaintiff and Appellee (R-69-215), *v.* GUILLERMO CRUZ, Defendant and Appellee (R-69-199), Defendant and Apellant (R-69-215).

Nos. R-69-199, R-69-215.     Decided May 28, 1971.

*R. Elfren Bernier* for plaintiff-appellant and appellee. *Víctor Domínguez Correa Pimentel* for defendant-appellee and appellant.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

The lease contract of a real property (rural property) belonging to minors and their widow mother is void when, its term being a period of five years extendable to four more

years, the authorization by the Superior Court was not previously obtained. Under such void contract the alleged lessee is a possessor mala fides.

As it appears from the findings of the trial court, the facts of the case are the following:

(1) Plaintiff-appellant, Antonia Santos Green, and her three minor children are the owners of a 26 cuerda property in the ward Las Cuevas of Trujillo Alto.

(2) On January 24, 1966, the aforementioned lady appeared before the trial court to request judicial authorization in order to lease said property to Guillermo Cruz for a term of five years at the rate of $600 annually the first year and $800 during the subsequent years, said term being extendable to four more years without it being specified that that option is exclusive of the lessors. The trial court failed to approve or disapprove said contract. The children's guardian ad litem objected to said approval.

(3) On March 30, 1967, Antonia Santos Green by herself and on behalf of her minor children filed a complaint before the Superior Court where she alleged that the defendant Guillermo Cruz, despite the fact that the aforesaid request of judicial authorization to lease the property in question has not been approved, has occupied said property, has tried to exercise acts of ownership over the same, has intervened with other lessees and with the peaceful living of plaintiff and her children. She requested the court to order defendant to vacate the property, to fix the reasonable value of defendant's use of the property; to declare the latter possessor mala fides, and to decree the accession without payment in favor of plaintiff of any structure or plantation erected or planted by defendant, and to order him to compensate the damages caused to plaintiffs as a result of the illegal occupation and of the acts disturbing plaintiff's peace.

In his answer to the complaint of July 12, 1967, Guillermo Cruz denied some facts, he accepted that the petition for

judicial authorization had not been approved yet, that he holds the property in lease through a contract executed a year before with Antonia Santos Green, that he has made improvements to the property and invested some $6,000 in it and that he counterclaimed for the damages which plaintiff has caused him by obstructing the use and enjoyment of the property, damages which amount to $50,000.

(4) As a matter of fact there was a contract and it worked between the parties since about a year before January 24, 1966.

(5) ". . . the uncontradicted expert report establishes that up to 1967 that property, considering its value, is an investment which should yield an annual rent of $17,640.00. Which means that in 1966 the rent it should yield was of more than $15,000.00. Naturally, this conclusion relies mostly on the rent of the property, if the works or improvements or the necessary investment were established in said property, without selling it, or selling it to obtain that profit."

(6) ". . . in the contract the interests of Mrs. Santos Green which she was absolutely entitled to dispose of were not separated from the interests of her minor children over which the prerogatives were limited by law."

". . . Although the contract is said to be for 5 years extendable to four more years and that for such reason it is not a prohibited contract, since judicial authorization is required only when the lease contract is for more than 6 years, the court understands, that in this case, there is a lease contract for 9 years divided into two periods, one for 5 years and another for 4 years. We are not dealing with two contracts, but with only one contract. From the face of the contract it appears that once the five-year period is over, if the lessee has complied with the other terms and conditions of the same, the lessee's right to request and obtain the extension of 4 more years arises automatically. For the extension, there is no need of any new consideration, and what there is, is a

continuation of the previous contract. The only thing there is, is a mere division of the contract, not a new contract. The parties cannot circumvent the prohibition of § 1438 of the Civil Code through the easy mechanism of dividing the prohibited period in two periods which are not prohibited, when the contract is the same through both periods."

(7) "Thus, considering that her interest in the property is of 13.832% and that the amount invested and lost by Guillermo Cruz as a result of the acts which in his personal capacity, as far as his personal interest in the property is concerned, was of $14,000, the court orders a redress of $1,936.48 which Mrs. Antonia Santos Green should pay to Mr. Guillermo Cruz for her participation in the damages sustained by Mr. Cruz, that is, 13.832% of the total amount of the loss. The court is of the opinion that the immunity on account of the minors' incapacity should only favor the latter but it should not exempt the mother from her liability concerning her acts."

The trial court rendered judgment (8) ". . . declaring that the contract between Mrs. Santos Green and plaintiff, Mr. Cruz, is void as far as the minors are concerned, but legal insofar as she is concerned" and ordering (9) ". . . Mrs. Santos Green to compensate the amount of $1,936.48 to Mr. Guillermo Cruz as her participation in the damages sustained. Likewise, the court determines that the plaintiff, Mr. Cruz, may remove those structures which can be removed without damage to the property and which he built during the alleged life of the contract. There being a legal lease contract between her and Mr. Cruz, it is not fair to adjudge any payment whatsoever to the minors for being deprived of their right. In any event, exhausting the legal term, the obligation towards the minors would be on Mrs. Santos Green's part since she provoked the deprival."

Appellant, Antonia Santos Green, assigns that the trial court erred:

(a) in failing to make findings of fact on the different issues submitted to its consideration;

(b) in failing to approve or disapprove the petition for judicial authorization;

(c) in failing to make any determination as to the actions for damages and accession which were filed and which were object of proof;

(d) in deciding that said appellant wanted to reject the aforementioned contract, which did not exist because it was pending judicial approval;

(e) in finding that a void contract may be binding for one of the parties;

(f) in rendering effective a contract which was pending the judicial approval required by law;

(g) in deciding, despite the testimony of several witnesses, that Cruz did not seek to collect rents from the tenants of the houses on the property;

(h) in deciding that the lease for $800 annually constituted an advantage for the minors, when the uncontradicted expert testimony was to the effect that said rent should be of $17,640 annually;

(i) in failing to order Guillermo Cruz to pay $1,420 a month to the minors for the use of the property, once the contract was rendered void;

(j) in determining that Cruz may remove from the leased property those structures which may be removed without damaging the property.

In support of his petition for review Guillermo Cruz assigns that the trial court erred in holding that the lease contract was absolutely void, when according to *Caraballo v. Martínez Ribot*, 96 P.R.R. 792 (1969), the contract in this case is effective for a term which does not exceed six years; in concluding that Antonia Santos Green is liable to him only for the 13.832% of the $14,000 of the damages sustained when she should be held liable for the totality because

she is the only one liable for the same; in failing to conclude that Mrs. Santos should refrain from disturbing Cruz in the operation of the property.

A report of valuation of the property in question of September 25, 1967, which fixes its value at $294,000, and that the annual rent of the same, on a 6% basis of such value should be of $17,640, was admitted in evidence without objection.

■■ Since none of the parties has sent to this Court the transcript of the oral evidence in the instant case we will only be able to pass upon the assignments of law. Hence, we are not in a position to decide as to the assignments based on the allegation for damages of the complaint and the collection of rents by Guillermo Cruz. We will not consider either the assignments of defendant-appellant Cruz, since he does not discuss them in his brief except to set forth his opinion to the effect that in *Caraballo, supra*, a contract, like the one with which we are concerned, is effective during the period not exceeding six years. It suffices to say that *Caraballo, supra*, does not support that rule.

(1) According to the provisions of §§ 159 and 1438 of the Civil Code (31 L.P.R.A. §§ 616 and 4033), the authorization of the part of the Superior Court wherein the property is situated after the demonstration of the necessity and convenience of the transaction is indispensable in order to execute contracts for the lease of real property of minors for a term exceeding six years, but in no case shall the contract be entered into or the authorization granted for a lease covering a period of time in excess to that required by the child, not otherwise incapacitated, to become of age.

■ From the beginning it is necessary to clarify that although it is true that a contract entered into on behalf of a minor without having previously obtained the judicial authorization for such act is void, said contract may be

validated, confirmed, acknowledged or ratified by the person in whose behalf it was entered into when the latter becomes of age. When a contract is thus, voidable, if it is found to be advantageous it may be ratified, otherwise its annulment may be requested. *Caraballo* v. *Martínez Ribot, supra; Millán* v. *Caribe Motors Corp.*, 83 P.R.R. 474, 484 (1961) ; *Monagas* v. *Vidal*, 170 F.2d 99 (1st Cir. 1948).

The case of *Cruz* v. *Central Pasto Viejo, Inc.*, 44 P.R.R. 354 (1933), is not at variance with the foregoing rule. On the contrary, it rather supports the action of plaintiff-appellant and her children of seeking the annulment of the lease contract in question. See, *Cianchini* v. *Díaz*, 51 P.R.R. 594, 600–601 (1937).

■ (2) The trial court concluded that although the lease contract in question did not specify that the extension for four more years from its initial period of five years was not an option exclusive of the lessors, the other conditions having been complied with by the lessee Guillermo Cruz, the latter had the right to request said extension; that at law, said contract was for the term of nine years for which reason to the effects of its validity the provisions of § 1438 of the Civil Code must be complied with. (See the foregoing finding No. 6.)

The trial court did not err in concluding thus. In *Van Syckel* v. *Registrar of Property*, 3 P.R.R. 19 (1899), we said "contracts leasing real estate, for a longer period than six years, are admissible to record in the Registry of Property, there is more reason why contracts should be admissible to such record which, by virtue of the conditions stipulated therein, make it optional with the lessee to continue the same in force for a longer time than the said period."

If to the effects of its recording the term of a lease contract can exceed six years by virtue of the extension of the same which may be requested by the lessee, at law such contract is also for a term of more than six years to the

effects of requesting the previous judicial authorization when a co-owner of the property happens to be a minor.

■ (3) The lease in question was only one contract with respect to only one property. Since its term was longer than six years and some of the co-owners were minors, its validity depended on the previous judicial authorization on the grounds that it was useful and necessary. Said authorization not having been obtained, it was proper to request and decree the nullity of said contract since it could not subsist as to the co-owner of the property, Antonia Santos Green, who was of age when the contract was executed. Said contract was not divisible since the ownership rights of the co-owners of the property were not, since legally they possessed it and were co-owners of undivided property. If the contract had been binding for the co-owner of age, what physical and specific part of the property remained subject to lease? What specific portion of said property could said co-owner dispose of in order to give possession thereof to the lessee as part of her liability under the contract in question? The answer to these questions is necessarily that said contract could not be enforced on any part of the property in question.

On the other hand, we do not think that the co-owner Antonia Santos Green improperly induced Guillermo Cruz to enter into the aforesaid lease contract. The findings of fact of the trial court show that as a matter of fact Guillermo Cruz took possession of the property one year before the judicial authorization was requested. In his answer he admitted having knowledge of said petition and that the requested judicial approval had not been obtained. Nevertheless, he proceeded to make improvements to the property and to incur expenses and investments amounting to some $14,000. The least that can be said is that, assuming Antonia Santos Green acted in an improper manner in negotiating the lease of the property with Guillermo Cruz in the absence of a previous judicial authorization, in an equal or higher

degree the latter incurred a likewise improper action on the same grounds, undoubtedly induced by the advantageous terms of the contract for him, as it can be inferred from the findings of fact of the trial court. These circumstances, in addition to what has been previously set forth, do not justify the imposition of any kind of liability upon Antonia Santos Green for the losses which Guillermo Cruz might have sustained as a result of the annulment of the aforesaid lease contract.

■■ (4) The circumstances set forth show that, upon taking possession of the property before the judicial approval of the lease in question was obtained, Guillermo Cruz was aware of the defect in his lease title consisting in the absence of said approval, which was required because the owners of the greatest part of the property allegedly leased to him were minors. Therefore he is a possessor in bad faith of said property. (Section 363 of the Civil Code, 31 L.P.R.A. § 1424.) By virtue thereof his right concerning the improvements he might have made in the property and in regard to the fruits is defined in § 384 of the Civil Code, 31 L.P.R.A. § 1470. (See, IV Manresa, *Comentarios al Código Civil Español* (6th ed.) concerning the effects of the possession in bad faith, in regard to fruits, p. 308; in regard to expenses, p. 312; in regard to improvements pp. 317–320; in regard to the loss or deterioration, or encumbrance of the house, p. 323.)

In view of the foregoing, the judgment rendered by the trial court in this case should be reversed and another rendered instead by virtue of which the lease contract in question be annulled, and appellee-appellant, Guillermo Cruz be declared to be possessor in bad faith of the property in question, and that the eviction from said property be ordered. Also, the case should be remanded to the trial court to determine, in the light of the evidence adduced, Cruz' liability as

such possessor in bad faith as well as appellant-appellee's rights resulting from such condition.

Mr. Justice Pérez Pimentel did not participate herein.